NICHOLAS M. WAJDA (State Bar #259178)
Attorney Email Address: nick@wadjalawgroup.com
WAJDA LAW GROUP, APC
6167 Bristol Parkway, Suite 200
Culver City, California 90230
Telephone: (310) 997-0471
Facsimile: (866) 286-8433
*Attorney for Plaintiff*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER HESKETH, | Case No. 5:19-cv-02031 |
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| v. | **1. VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §227 ET SEQ.;** |
| FIRST CONTACT, LLC, | **2. VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 ET SEQ.;** |
| Defendant. | **3. VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §1788 ET SEQ.** |
| | **DEMAND FOR JURY TRIAL** |

## COMPLAINT

Plaintiff CHRISTOPHER HESKETH ("Plaintiff"), by and through his undersigned counsel, complaining of FIRST CONTACT, LLC as follows:

## NATURE OF ACTION

1.    Plaintiff brings this action against First Contact, LLC seeking redress for violations of the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227 *et seq.*, violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692 *et seq.*, and

violations of the Rosenthal Fair Debt Collection Practices Act ("RFDCPA") pursuant to California Civil Code §1788 *et seq.*

**JURISDICTION AND VENUE**

2.   This action arises under and is brought pursuant to the TCPA and FDCPA.

3.   Subject matter jurisdiction is conferred upon this Court by 28 U.S.C. §1331, as the action arises under the laws of the United States.

4.   The Court has supplemental jurisdiction over Plaintiff's RFDCPA claim pursuant to 28 U.S.C. §1337.

5.   Venue is proper in this Court pursuant to 28 U.S.C. §1391 as First Contact, LLC conducts business in the Central District of California and a substantial portion of the events or omissions giving rise to the claims occurred within the Central District of California.

**PARTIES**

6.   Plaintiff is a natural person over 18-years-of-age who, at all times relevant, resided and was domiciled in the Central District of California.

7.   First Contact, LLC ("First Contact") is a Minnesota limited liability company with its registered office address in St. Paul, Minnesota, and its principal executive office in St. Petersburg, Florida. First Contact specializes in providing debt collection services to its clients in the financial services industry. First Contact regularly and systematically does business in California and across the United States. First Contact regularly attempts to collect debts allegedly owed by consumers residing in California.

**FACUTAL ALLEGATIONS**

8.   Plaintiff opened two credit cards with Credit One Bank, N.A. ("Credit One").

9.    Upon information and belief, at the time Plaintiff applied for the Credit One credit cards, he provided Credit One with his cellular phone number ending in 5646 ("Plaintiff's cellular phone number").

10.   Plaintiff eventually defaulted on the Credit One credit card accounts ("subject debt").

11.   In early 2018, a party purporting to be "Credit One" started placing collection calls to Plaintiff's cellular phone number attempting to collect on the subject debt.

12.   At all times relevant, Plaintiff believed the collection calls to have been placed by Credit One.

13.   Immediately after the collection calls began, Plaintiff made multiple oral requests that the collection calls cease during the phone calls he answered.

14.   Notwithstanding Plaintiff's numerous oral requests that collection calls cease, the collection calls persisted.

15.   In June 2018, extremely frustrated with the incessant collection calls, Plaintiff sent a written correspondence to Credit One requesting that the intrusive collection calls cease.

16.   Notwithstanding Plaintiff's written request that the collection calls cease, the collection calls persisted.

17.   On October 17, 2018, Plaintiff initiated arbitration proceedings against Credit One seeking redress for the abusive collection calls.

18.   In the course of arbitration proceedings, Credit One disclosed that it was "First Contact, LLC" that placed all the collection calls to Plaintiff on behalf of Credit One.

19.   Specifically, Plaintiff did not discover that it was First Contact that was placing the collection calls until July 26, 2019 when Credit One responded to Plaintiff's interrogatories.

20.   Accordingly, Plaintiff issued a subpoena to First Contact in the arbitration proceedings.

21.   First Contact did not respond to or otherwise acknowledge Plaintiff's subpoena.

22.   In total, First Contact placed thousands of harassing collection calls on behalf of Credit One to Plaintiff's cellular phone number from March 2018 through December 2018.

23. On many occasions, First Contact would place dozens of collection calls to Plaintiff's cellular phone number in an eight-hour period.

24.   In the calls that Plaintiff did answer, Plaintiff was greeted by a noticeable period of "dead air" while First Contact's telephone system attempted to connect Plaintiff to a live agent.

25.   Specifically, there would be an approximate three-second pause between the time Plaintiff said "hello," and the time that a live agent introduced themself as a Credit One representative.

26.   Upon information and belief, First Contact placed the calls to Plaintiff's cellular phone number using an automatic telephone dialing system that is commonly used in the debt collection industry to place calls to collect outstanding debts.

27.   Prior to July 2019, Plaintiff could not have known it was actually First Contact that was placing the calls to him because First Contact's agents always identified themselves as "Credit One" in the phone calls that Plaintiff answered.

28. At all times relevant, First Contact acted as an agent of Credit One.

## DAMAGES

29.   First Contact's harassing phone calls have severely disrupted Plaintiff's daily life and general well-being.

30.   First Contact's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, wasting Plaintiff's time, the increased risk of personal injury resulting from the distraction caused by the phone calls, decreased daily productivity, aggravation that accompanies unwanted telephone calls, emotional distress, mental anguish, anxiety, loss of concentration, diminished value and functionality of his

4

cellular phone, the loss of battery charge, and the per-kilowatt electricity costs required to recharge his cellular telephone as a result of increased usage of his cellular phone.

31.   Moreover, each time First Contact placed a telephone call to Plaintiff, First Contact occupied Plaintiff's cellular phone such that Plaintiff was unable to receive other phone calls or otherwise utilize his cellular phone while his phone was ringing.

## COUNT I
### Telephone Consumer Protection Act (47 U.S.C. §227 *et seq.*)

32.   Plaintiff restates and realleges paragraphs 1 through 31 as though fully set forth herein.

33.   First Contact placed or caused to be placed non-emergency calls, including but not limited to the calls referenced above, to Plaintiff's cellular phone number using an automatic telephone dialing system ("ATDS") without his prior consent in violation of 47 U.S.C. §227(b)(1)(A)(iii).

34.   The TCPA defines ATDS as "equipment which has the capacity—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

35.   Upon information and belief, based on the lack of prompt human response during the phone calls in which Plaintiff answered, First Contact used an ATDS to place calls to Plaintiff's cellular phone number.

36.   Upon information and belief, the dialing system used by First Contact to place collection calls to Plaintiff has the capacity to (a) store phone numbers, and (b) dial those phone numbers automatically. *Marks v. Crunch San Diego, LLC*, 2018 U.S. App. LEXIS 26883, at *25-26 (9th Cir. 2018) ("the statutory definition of ATDS is not limited to devices with the capacity to call numbers produced by a 'random or sequential number generator,' but also includes devices with the capacity to dial stored numbers automatically.")

37.   Upon information and belief, the dialing system employed by Defendant transfers the call to a live agent once a human voice is detected, thus resulting in a lengthy pause after the called party speaks into the phone.

38.   First Contact violated the TCPA by placing thousands of harassing phone calls to Plaintiff's cellular phone number from March 2018 through December 2018, using an ATDS without his prior express consent.

39.   As pled above, Plaintiff revoked consent to be called on his cellular phone on multiple occasions during phone calls that he answered.

40.   Moreover, as pled above, Plaintiff sent a written correspondence to Credit One requesting that the collection calls cease.

41.   As pled above, Plaintiff was severely harmed by First Contact's collection calls to his cellular phone.

42.   Upon information and belief, First Contact has no system in place to document and archive whether it has consent to contact consumers on their cellular phones.

43.   Upon information and belief, First Contact has no policies and procedures in place to honor the requests of consumers that the collection calls cease.

44.   Upon information and belief, First Contact knew its collection practices were in violation of the TCPA, yet continued to employ them to maximize efficiency and profits.

45.   Pursuant to 47 U.S.C. §227(b)(3)(B), First Contact is liable to Plaintiff for a minimum of $500 per call.

46.   Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), First Contact's willful and knowing violations of the TCPA triggers this Honorable Court's discretion to triple the damages to which Plaintiff is otherwise entitled to.

**WHEREFORE**, Plaintiff, CHRISTOPHER HESKETH, respectfully requests that this Honorable Court enter judgment in his favor as follows:

    a.   Declaring that the practices complained of herein are unlawful and violate the TCPA;

    b.   Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

    c.   Enjoining First Contact from contacting Plaintiff; and

    d.   Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II

### Fair Debt Collection Practices Act (15 U.S.C. §1692 *et seq.*)

47.   Plaintiff restates and realleges paragraphs 1 through 31 as though fully set forth herein.

48.   Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

49.   The subject debt  that First Contact was attempting to collect is a "debt" as defined by FDCPA §1692a(5) because Plaintiff used the Credit One credit card accounts to make purchases for personal purposes.

50.   First Contact is a "debt collector" as defined by §1692a(6) because it regularly collects debts and uses the mail and/or the telephones to collect delinquent consumer accounts.

a.  **Violations of FDCPA §1692d**

51.   Pursuant to §1692d of the FDCPA, a debt collector is prohibited from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

52. §1692d(5) further prohibits "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

53.   First Contact violated §§1692d and d(5) when it placed thousands of collection calls to Plaintiff's cellular phone number from March 2018 through December 2018 attempting to collect the subject debt.

54.   First Contact's behavior of systematically calling Plaintiff's cellular phone number in an attempt to collect the subject debt was harassing and abusive.

55.   First Contact's collection calls to Plaintiff were made with the specific intent of annoying, harassing, and abusing the Plaintiff.

56.   The fact that First Contact knowingly placed calls to Plaintiff after Plaintiff made numerous requests that the calls cease is illustrative of First Contact's  intent to harass and annoy Plaintiff.

57.   First Contact violated §1692d(6) by falsely identifying itself as "Credit One" instead of identifying itself by its real name.

58.   At no time during any communications with Plaintiff did First Contact  notify Plaintiff that it was not actually Credit One and merely calling on behalf of Credit One. Such conduct is deceptive and is expressly prohibited by the FDCPA.

**b.  Violations of FDCPA §§1692f**

59.   Pursuant to §1692f of the FDCPA, a debt collector is prohibited from using "unfair or unconscionable means to collect or attempt to collect any debt."

60.   First Contact violated §1692f by employing unfair and unconscionable means to attempt to collect a debt by placing thousands  of collection calls to Plaintiff's cellular phone number from March 2018 through December 2018.

**c.  Violations of FDCPA §1692e**

61.   Pursuant to §1692e of the FDCPA, a debt collector is prohibited from making "any false, deceptive, or misleading representation" in connection with the collection of a debt.

62.   Section 1692e(14) of the FDCPA specifically prohibits a debt collector from using any name other than the true name of the debt collector's business.

63.   First Contact  violated §1692e(14) by using a name other than the true name of its business when it falsely held itself out to be Credit One during phone calls with Plaintiff.

### d.   Violations of FDCPA §1692g

64.   Pursuant to §1692g of the FDCPA, a debt collector must send the consumer a 30-day validation notice informing the consumer of the right to dispute the validity of the debt within five days of the initial communication with the consumer.

65.   First Contact violated §1692g by failing to send Plaintiff the 30-day validation notice within five days of First Contact's first communication with Plaintiff (First Contact's first phone call to Plaintiff), which was in March 2018.

66. As pled above, Plaintiff was severely harmed by First Contact's unfair and abusive collection practices.

    **WHEREFORE,** Plaintiff, CHRISTOPHER HESKETH, requests that this Honorable Court enter judgment in his favor as follows:

a.   Declaring that the practices complained of herein are unlawful and violate the Fair Debt Collection Practices Act;

b.   Awarding Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying Fair Debt Collection Practices Act violations;

c.   Awarding Plaintiff costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k; and

d.   Awarding any other relief as this Honorable Court deems just and appropriate.

### <u>COUNT III</u>

**Rosenthal Fair Debt Collection Practices Act (Cal. Civ. Code §1788 *et seq.*)**

67.   Plaintiff restates and realleges paragraphs 1 through 31 as though fully set forth herein.

68.   California Civil Code § 1788.17 provides:

> Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the

provisions of Section 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code.

69.   As pled above, First Contact violated 15 U.S.C. §§1692d, 1692f, 1692e, and 1692g; therefore violating Cal. Civ. Code §1788.17.

**WHEREFORE**, Plaintiff, CHRISTOPHER HESKETH, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a.   Declaring that the practices complained of herein are unlawful and violate the Rosenthal Fair Debt Collection Practices Act;

b.   Awarding Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying Rosenthal Fair Debt Collection Practices Act violations;

c.   Awarding Plaintiff costs and reasonable attorney's fees; and

d.   Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: October 23, 2019                    Respectfully submitted,

                                           By: /s/ Nicholas M. Wajda
                                           Nicholas M. Wajda
                                           WAJDA LAW GROUP, APC
                                           6167 Bristol Parkway, Suite 200
                                           Culver City, California 90230
                                           Telephone: (310) 997-0471
                                           Facsimile: (866) 286-8433
                                           Email: nick@wajdalawgroup.com