ALAN M. RITCHIE (298989)
aritchie@pilgrimchristakis.com
PILGRIM CHRISTAKIS LLP
321 N. Clark Street, 26th Floor
Chicago, Illinois 60654
Telephone: (312) 924-1773
Facsimile: (312) 939-0983

Attorneys for Defendant
FIRST CONTACT LLC

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION**

| | |
|---|---|
| CHRISTOPHER HESKETH,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>FIRST CONTACT LLC,<br><br>　　　　Defendant. | Case No. 5:19-cv-02031<br><br>**FIRST CONTACT LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT** |

## ANSWER TO THE COMPLAINT

Defendant First Contact, LLC ("First Contact"), by counsel, respectfully answers Plaintiff Christopher Hesketh's ("Plaintiff") Complaint, as follows:

## NATURE OF ACTION

1. Plaintiff brings this action against First Contact, LLC seeking redress for violations of the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227 *et seq.*, violations of the Fair Debt Collection Practices Act ("FDCPA")

1

pursuant to 15 U.S.C. §1692 *et seq.*, and violations of the Rosenthal Fair Debt Collection Practices Act ("RFDCPA") pursuant to California Civil Code §1788 *et seq.*

**ANSWER**: First Contact admits that Plaintiff brought this action for alleged violations of the TCPA, FDCPA, and RFDCPA. First Contact denies it violated the TCPA, FDCPA, or RFDCPA, and denies that Plaintiff suffered any damages as a result of its conduct.

## JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the TCPA and FDCPA.

**ANSWER**: First Contact admits that Plaintiff brought this action for alleged violations of the TCPA and FDCPA.

3. Subject matter jurisdiction is conferred upon this Court by 28 U.S.C. §1331, as the action arises under the laws of the United States.

**ANSWER**: First Contact admits that this Court has subject matter jurisdiction over Plaintiff's claims under the TCPA and FDCPA pursuant to 28 U.S.C. § 1331.

4. The Court has supplemental jurisdiction over Plaintiff's RFDCPA claim pursuant to 28 U.S.C. §1337.

**ANSWER**: First Contact admits that this Court has supplemental jurisdiction over Plaintiff's claim under the RFDCPA pursuant to 28 U.S.C. § 1337.

5. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as First Contact, LLC conducts business in the Central District of California and a

substantial portion of the events or omissions giving rise to the claims occurred within the Central District of California.

**ANSWER**:  First Contact admits that it conducts business in the Central District of California. Although First Contact does not contest venue, it lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and, on that basis, denies these allegations.

## PARTIES

6.     Plaintiff is a natural person over 18-years-of-age who, at all times relevant, resided and was domiciled in the Central District of California.

**ANSWER**:  First Contact lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, on that basis, denies these allegations.

7.     First Contact, LLC ("First Contact") is a Minnesota limited liability company with its registered office address in St. Paul, Minnesota, and its principal executive office in St. Petersburg, Florida. First Contact specializes in providing debt collection services to its clients in the financial services industry. First Contact regularly and systematically does business in California and across the United States. First Contact regularly attempts to collect debts allegedly owed by consumers residing in California.

**ANSWER**:  First Contact admits that it is a Minnesota limited liability company with a principal place of business in St. Petersburg, Florida, and that it conducts business in California. First Contact denies the remaining allegations in this paragraph.

# FACUTAL ALLEGATIONS

8. Plaintiff opened two credit cards with Credit One Bank, N.A. ("Credit One").

**ANSWER**: First Contact admits Plaintiff opened two credit cards with Credit One.

9. Upon information and belief, at the time Plaintiff applied for the Credit One credit cards, he provided Credit One with his cellular phone number ending in 5646 ("Plaintiff's cellular phone number").

**ANSWER**: First Contact admits that Plaintiff provided Credit One with his telephone number ending in 5646 at the time he applied for the Credit One credit cards, and consented to being called at that number. First Contact lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and, on that basis, denies these allegations.

10. Plaintiff eventually defaulted on the Credit One credit card accounts ("subject debt").

**ANSWER**: First Contact admits that Plaintiff defaulted on his Credit One credit card accounts.

11. In early 2018, a party purporting to be "Credit One" started placing collection calls to Plaintiff's cellular phone number attempting to collect on the subject debt.

**ANSWER**: First Contact lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, on that basis, denies these allegations.

4

12. At all times relevant, Plaintiff believed the collection calls to have been placed by Credit One.

**ANSWER**: First Contact lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, on that basis, denies these allegations.

13. Immediately after the collection calls began, Plaintiff made multiple oral requests that the collection calls cease during the phone calls he answered.

**ANSWER**: First Contact denies that Plaintiff made "multiple oral requests" to it to stop calling him. First Contact lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and, on that basis, denies these allegations.

14. Notwithstanding Plaintiff's numerous oral requests that collection calls cease, the collection calls persisted.

**ANSWER**: First Contact denies that Plaintiff requested it stop calling him and thus denies the allegations of this paragraph. First Contact lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and, on that basis, denies these allegations.

15. In June 2018, extremely frustrated with the incessant collection calls, Plaintiff sent a written correspondence to Credit One requesting that the intrusive collection calls cease.

**ANSWER**: First Contact lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, on that basis, denies these allegations.

16. Notwithstanding Plaintiff's written request that the collection calls cease, the collection calls persisted.

**ANSWER**: First Contact denies that Plaintiff made a written request to it that calls cease and therefore denies the allegations of this paragraph. First Contact lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and, on that basis, denies these allegations.

17. On October 17, 2018, Plaintiff initiated arbitration proceedings against Credit One seeking redress for the abusive collection calls.

**ANSWER**: First Contact admits Plaintiff initiated arbitration against Credit One on or about October 17, 2018. First Contact lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and, on that basis, denies these allegations. First Contact denies that it made any abusive collection calls.

18. In the course of arbitration proceedings, Credit One disclosed that it was "First Contact, LLC" that placed all the collection calls to Plaintiff on behalf of Credit One.

**ANSWER**: First Contact lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, on that basis, denies these allegations.

19. Specifically, Plaintiff did not discover that it was First Contact that was placing the collection calls until July 26, 2019 when Credit One responded to Plaintiff's interrogatories.

**ANSWER**: First Contact lacks knowledge or information sufficient to form a belief

as to the truth of the allegations contained in this paragraph and, on that basis, denies these allegations.

20. Accordingly, Plaintiff issued a subpoena to First Contact in the arbitration proceedings.

**ANSWER**: First Contact denies it was served with a subpoena in connection with the arbitration proceedings. First Contact lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and, on that basis, denies these allegations.

21. First Contact did not respond to or otherwise acknowledge Plaintiff's subpoena.

**ANSWER**: First Contact denies that it was served with a subpoena in connection with the arbitration proceedings and thus denies the allegations of this paragraph.

22. In total, First Contact placed thousands of harassing collection calls on behalf of Credit One to Plaintiff's cellular phone number from March 2018 through December 2018.

**ANSWER**: First Contact denies the allegations in this paragraph.

23. On many occasions, First Contact would place dozens of collection calls to Plaintiff's cellular phone number in an eight-hour period.

**ANSWER**: First Contact denies the allegations in this paragraph.

24. In the calls that Plaintiff did answer, Plaintiff was greeted by a noticeable period of "dead air" while First Contact's telephone system attempted to connect Plaintiff to a live agent.

7

**ANSWER**: First Contact lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, on that basis, denies these allegations.

25. Specifically, there would be an approximate three-second pause between the time Plaintiff said "hello," and the time that a live agent introduced themself as a Credit One representative.

**ANSWER**: First Contact lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, on that basis, denies these allegations.

26. Upon information and belief, First Contact placed the calls to Plaintiff's cellular phone number using an automatic telephone dialing system that is commonly used in the debt collection industry to place calls to collect outstanding debts.

**ANSWER**: First Contact denies that it placed calls to Plaintiff's cellular phone number using an automatic telephone dialing system. First Contact lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and, on that basis, denies these allegations.

27. Prior to July 2019, Plaintiff could not have known it was actually First Contact that was placing the calls to him because First Contact's agents always identified themselves as "Credit One" in the phone calls that Plaintiff answered.

**ANSWER**: First Contact lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, on that basis, denies these allegations.

28. At all times relevant, First Contact acted as an agent of Credit One.

**ANSWER**: The allegations of this paragraph contain a legal conclusion to which no response is required. To the extent a response is required, First Contact denies the allegations to the extent they are inconsistent with existing law.

## DAMAGES

29. First Contact's harassing phone calls have severely disrupted Plaintiff's daily life and general well-being.

**ANSWER**: First Contact denies the allegations in this paragraph.

30. First Contact's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, wasting Plaintiff's time, the increased risk of personal injury resulting from the distraction caused by the phone calls, decreased daily productivity, aggravation that accompanies unwanted telephone calls, emotional distress, mental anguish, anxiety, loss of concentration, diminished value and functionality of his cellular phone, the loss of battery charge, and the per-kilowatt electricity costs required to recharge his cellular telephone as a result of increased usage of his cellular phone.

**ANSWER**: First Contact denies the allegations in this paragraph.

31. Moreover, each time First Contact placed a telephone call to Plaintiff, First Contact occupied Plaintiff's cellular phone such that Plaintiff was unable to receive other phone calls or otherwise utilize his cellular phone while his phone was ringing.

**ANSWER**: First Contact denies the allegations in this paragraph.

9
ANSWER AND AFFIRMATIVE DEFENSES

## COUNT I

### Telephone Consumer Protection Act (47 U.S.C. §227 *et seq.*)

32. Plaintiff restates and realleges paragraphs 1 through 31 as though fully set forth herein.

**ANSWER**: First Contact incorporates by reference its answers to paragraphs 1 through 31.

33. First Contact placed or caused to be placed non-emergency calls, including but not limited to the calls referenced above, to Plaintiff's cellular phone number using an automatic telephone dialing system ("ATDS") without his prior consent in violation of 47 U.S.C. §227(b)(1)(A)(iii).

**ANSWER**: First Contact denies the allegations in this paragraph.

34. The TCPA defines ATDS as "equipment which has the capacity—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

**ANSWER**: First Contact admits this paragraph quotes a portion of 47 U.S.C. § 227.

35. Upon information and belief, based on the lack of prompt human response during the phone calls in which Plaintiff answered, First Contact used an ATDS to place calls to Plaintiff's cellular phone number.

**ANSWER**: First Contact denies the allegations in this paragraph.

36. Upon information and belief, the dialing system used by First Contact to place collection calls to Plaintiff has the capacity to (a) store phone numbers, and (b) dial those phone numbers automatically. *Marks v. Crunch San Diego, LLC*, 2018 U.S. App. LEXIS 26883, at *25-26 (9th Cir. 2018) ("the statutory definition of

10

ANSWER AND AFFIRMATIVE DEFENSES

ATDS is not limited to devices with the capacity to call numbers produced by a 'random or sequential number generator,' but also includes devices with the capacity to dial stored numbers automatically.")

**ANSWER**: First Contact denies the allegations in this paragraph.

37. Upon information and belief, the dialing system employed by Defendant transfers the call to a live agent once a human voice is detected, thus resulting in a lengthy pause after the called party speaks into the phone.

**ANSWER**: First Contact denies the allegations in this paragraph.

38. First Contact violated the TCPA by placing thousands of harassing phone calls to Plaintiff's cellular phone number from March 2018 through December 2018, using an ATDS without his prior express consent.

**ANSWER**: First Contact denies the allegations in this paragraph.

39. As pled above, Plaintiff revoked consent to be called on his cellular phone on multiple occasions during phone calls that he answered.

**ANSWER**: First Contact denies the allegations in this paragraph.

40. Moreover, as pled above, Plaintiff sent a written correspondence to Credit One requesting that the collection calls cease.

**ANSWER**: First Contact lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, on that basis, denies these allegations.

41. As pled above, Plaintiff was severely harmed by First Contact's collection calls to his cellular phone.

11

**ANSWER**: First Contact denies the allegations in this paragraph.

42. Upon information and belief, First Contact has no system in place to document and archive whether it has consent to contact consumers on their cellular phones.

**ANSWER**: First Contact denies the allegations in this paragraph.

43. Upon information and belief, First Contact has no policies and procedures in place to honor the requests of consumers that the collection calls cease.

**ANSWER**: First Contact denies the allegations in this paragraph.

44. Upon information and belief, First Contact knew its collection practices were in violation of the TCPA, yet continued to employ them to maximize efficiency and profits.

**ANSWER**: First Contact denies the allegations in this paragraph.

45. Pursuant to 47 U.S.C. §227(b)(3)(B), First Contact is liable to Plaintiff for a minimum of $500 per call.

**ANSWER**: First Contact denies the allegations in this paragraph.

46. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), First Contact's willful and knowing violations of the TCPA triggers this Honorable Court's discretion to triple the damages to which Plaintiff is otherwise entitled to.

**ANSWER**: First Contact denies the allegations in this paragraph.

## COUNT II

**Fair Debt Collection Practices Act (15 U.S.C. §1692 *et seq.*)**

47. Plaintiff restates and realleges paragraphs 1 through 31 as though fully set forth herein.

**ANSWER**: First Contact incorporates by reference its answers to paragraphs 1 through 46.

48. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

**ANSWER**: First Contact lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, on that basis, denies these allegations.

49. The subject debt that First Contact was attempting to collect is a "debt" as defined by FDCPA §1692a(5) because Plaintiff used the Credit One credit card accounts to make purchases for personal purposes.

**ANSWER**: First Contact lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, on that basis, denies these allegations.

50. First Contact is a "debt collector" as defined by §1692a(6) because it regularly collects debts and uses the mail and/or the telephones to collect delinquent consumer accounts.

**ANSWER**: First Contact denies the allegations in this paragraph.

a. **Violations of FDCPA §1692d**

51. Pursuant to §1692d of the FDCPA, a debt collector is prohibited from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

13

**ANSWER**: First Contact admits this paragraph quotes a portion of Section 1692d of the FDCPA.

52. §1692d(5) further prohibits "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

**ANSWER**: First Contact admits this paragraph quotes a portion of Section 1692d(5) of the FDCPA.

53. First Contact violated §§1692d and d(5) when it placed thousands of collection calls to Plaintiff's cellular phone number from March 2018 through December 2018 attempting to collect the subject debt.

**ANSWER**: First Contact denies the allegations in this paragraph.

54. First Contact's behavior of systematically calling Plaintiff's cellular phone number in an attempt to collect the subject debt was harassing and abusive.

**ANSWER**: First Contact denies the allegations in this paragraph.

55. First Contact's collection calls to Plaintiff were made with the specific intent of annoying, harassing, and abusing the Plaintiff.

**ANSWER**: First Contact denies the allegations in this paragraph.

56. The fact that First Contact knowingly placed calls to Plaintiff after Plaintiff made numerous requests that the calls cease is illustrative of First Contact's intent to harass and annoy Plaintiff.

**ANSWER**: First Contact denies the allegations in this paragraph.

57. First Contact violated §1692d(6) by falsely identifying itself as "Credit One" instead of identifying itself by its real name.

**ANSWER**: First Contact denies the allegations in this paragraph.

58. At no time during any communications with Plaintiff did First Contact notify Plaintiff that it was not actually Credit One and merely calling on behalf of Credit One. Such conduct is deceptive and is expressly prohibited by the FDCPA.

**ANSWER**: First Contact denies the allegations in this paragraph.

    b. **Violations of FDCPA §§1692f**

59. Pursuant to §1692f of the FDCPA, a debt collector is prohibited from using "unfair or unconscionable means to collect or attempt to collect any debt."

**ANSWER**: First Contact admits this paragraph quotes a portion of Section 1692f of the FDCPA.

60. First Contact violated §1692f by employing unfair and unconscionable means to attempt to collect a debt by placing thousands of collection calls to Plaintiff's cellular phone number from March 2018 through December 2018.

**ANSWER**: First Contact denies the allegations in this paragraph.

    c. **Violations of FDCPA §1692e**

61. Pursuant to §1692e of the FDCPA, a debt collector is prohibited from making "any false, deceptive, or misleading representation" in connection with the collection of a debt.

**ANSWER**: First Contact admits this paragraph quotes a portion of Section 1692e of the FDCPA.

15
ANSWER AND AFFIRMATIVE DEFENSES

62.  Section 1692e(14) of the FDCPA specifically prohibits a debt collector from using any name other than the true name of the debt collector's business.

**ANSWER**: The allegations of this paragraph are legal conclusions to which no answer is required. In the event an answer is required, First Contact denies the allegations contained in this paragraph to the extent they are inconsistent with existing law.

63.  First Contact violated §1692e(14) by using a name other than the true name of its business when it falsely held itself out to be Credit One during phone calls with Plaintiff.

**ANSWER**: First Contact denies the allegations in this paragraph.

    d.    **Violations of FDCPA §1692g**

64.  Pursuant to §1692g of the FDCPA, a debt collector must send the consumer a 30-day validation notice informing the consumer of the right to dispute the validity of the debt within five days of the initial communication with the consumer.

**ANSWER**: The allegations of this paragraph are legal conclusions to which no answer is required. In the event an answer is required, First Contact denies the allegations contained in this paragraph to the extent they are inconsistent with existing law.

65.  First Contact violated §1692g by failing to send Plaintiff the 30-day validation notice within five days of First Contact's first communication with Plaintiff (First Contact's first phone call to Plaintiff), which was in March 2018.

**ANSWER**: First Contact denies the allegations in this paragraph.

16

66. As pled above, Plaintiff was severely harmed by First Contact's unfair and abusive collection practices.

**ANSWER**: First Contact denies the allegations in this paragraph.

## COUNT III

**Rosenthal Fair Debt Collection Practices Act (Cal. Civ. Code §1788 *et seq*.)**

67. Plaintiff restates and realleges paragraphs 1 through 31 as though fully set forth herein.

**ANSWER**: First Contact incorporates by reference its answers to paragraphs 1 through 66.

68. California Civil Code § 1788.17 provides:

> Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Section 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code.

**ANSWER**: First Contact admits this paragraph quotes a portion of Section 1788.17 of the California Civil Code.

69. As pled above, First Contact violated 15 U.S.C. §§1692d, 1692f, 1692e, and 1692g; therefore violating Cal. Civ. Code §1788.17.

**ANSWER**: First Contact denies the allegations in this paragraph.

## AFFIRMATIVE DEFENSES

Defendant First Contact LLC ("First Contact"), by counsel, states as its Affirmative Defenses to Plaintiff Christopher Hesketh's ("Plaintiff") Complaint as follows:

### First Affirmative Defense

1. Plaintiff's claims are barred, in whole or in part, by Article III of the United States Constitution because Plaintiff has not suffered any injury-in-fact sufficient to give him standing to bring this suit.

## Second Affirmative Defense

2. To the extent Plaintiff suffered any actual damages, which First Contact denies, then Plaintiff's claims are subject to the defense of failure to mitigate.

## Third Affirmative Defense

3. First Contact denies that it used an automatic telephone dialing system ("ATDS") or prerecorded/artificial voice to contact Plaintiff, as those terms are defined by relevant law. However, to the extent Plaintiff establishes otherwise, Plaintiff consented to being contacted via ATDS and/or prerecorded/artificial voice and never revoked such consent.

## Fourth Affirmative Defense

4. Plaintiff expressly consented to be contacted via ATDS or prerecorded/artificial voice as part of a contractual bargained-for-exchange and he may not unilaterally revoke that consent. *Reyes v. Lincoln Auto. Fin. Servs.*, 861 F.3d 51, 53 (2d Cir. 2017).

## Fifth Affirmative Defense

5. First Contact denies that it violated the Fair Debt Collection Practices Act or the Rosenthal Fair Debt Collection Practices Act. However, to the extent Plaintiff proves a violation occurred, any violation was not intentional and would have resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error. These procedures and protocols are reasonably adapted to avoid violations of the Fair Debt Collection Practices Act and

Rosenthal Fair Debt Collection Practices Act.

## Sixth Affirmative Defense

6. Plaintiff's claims for alleged violations of the Fair Debt Collection Practices Act and Rosenthal Fair Debt Collection Practices Act are barred by their respective statutes of limitations.

WHEREFORE, Defendant First Contact LLC respectfully requests that Plaintiff's Complaint be dismissed with prejudice, the Court enter judgment in its favor and against Plaintiff, and award it any further relief the Court deems just and equitable.

Respectfully submitted,

FIRST CONTACT LLC

By: /s/ Alan M. Ritchie
    One of its Attorneys

Alan M. Ritchie (298989)
aritchie@pilgrimchristakis.com
PILGRIM CHRISTAKIS LLP
321 N. Clark Street, 26th Floor
Chicago, Illinois 60654
Telephone: (312) 924-1773
Facsimile: (312) 379-8547

**CERTIFICATE OF SERVICE**

    Alan M. Ritchie, an attorney, certifies that on February 20, 2020, he electronically filed the foregoing Defendant First Contact LLC's Answer and Affirmative Defenses to Plaintiff's Complaint with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

                                                /s/ Alan M. Ritchie

ANSWER AND AFFIRMATIVE DEFENSES